UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARREN K. VAUGHN, | ) |
| Petitioner, | ) |
| vs. | ) No. 4:09-CV-1985 (CEJ) |
| DAVE DORMIRE, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the petition by Darren K. Vaughn for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

Petitioner was charged as a prior offender with two counts of first-degree robbery and two counts of armed criminal action. The trial began on March 20, 2006 in the Circuit Court of the City of St. Louis, Missouri. On March 22, petitioner failed to appear for the trial, and on that same date, the jury found petitioner guilty on all counts. Petitioner was apprehended four months later. On August 11, 2006, after denying petitioner's motion for new trial, the court sentenced petitioner to a term of nine years' imprisonment on each of the armed criminal action counts and to fifteen years and twenty years on the robbery counts, all to be served concurrently.

On May 22, 2007 petitioner appealed the trial court's judgment. His appeal was dismissed by Missouri Court of Appeals on the basis of Missouri's "escape rule." Petitioner's motion for post-conviction relief was dismissed by the trial court for the same reason, and the dismissal was affirmed on appeal. On November 17, 2009, the Supreme Court of Missouri denied petitioner's petition for a writ of habeas corpus.

In the instant petition, petitioner asserts that he is entitled to habeas corpus relief for the following reasons: (1) the prosecution constructively amended the indictment without giving petitioner adequate notice; (2) petitioner was convicted of a crime not charged in the indictment; (3) the prosecution used petitioner's post-arrest silence to impeach his testimony; and (4) petitioner was denied the right to a speedy and public trial.  Petitioner asserts that the escape rule was inapplicable in his case because of these alleged violations.

## II.   Discussion

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"Generally, a defendant must exhaust all available state court remedies before seeking habeas relief." Echols v. Kemna, 511 F.3d 783, 785 (8th Cir. 2007) (citing Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007)).  "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." Id. (quoting Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)).  "The default of the federal claim applies even if the defendant's failure to exhaust results from the application of state law."  Id. (citing Lee v. Kemna, 534 U.S. 362, 376 (2002)). Federal courts will not entertain the habeas claim if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to

-2-

support the judgment.  Lee, 534 U.S. at 375 (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  For a state procedural rule to be adequate to bar federal review, the rule has to be generally sound and "strictly or regularly followed." Echols, 511 F.3d at 786 (citing Barr v. City of Columbia, 378 U.S. 146, 149 (1964)).  Further, a state procedural bar is adequate only if state courts have applied the rule evenhandedly to all similar claims.  Id. (citing Hathorn v. Lovorn, 457 U.S. 255, 263 (1982)).

> The Missouri escape rule provides that state courts have the discretion to deny a defendant's appellate or postconviction relief when the defendant escapes from the control of the state.  Id.  In Echols, the Eighth Circuit found that the Missouri escape rule is regularly followed and applied consistently to similarly situated defendants.  Id. at 788.  Therefore, it was an adequate ground to bar the prisoner from habeas relief. Id.  In the instant case, the Court finds that the state courts correctly applied the Missouri escape rule to petitioner.  As such, petitioner has failed to exhaust state court remedies and review of his claims under § 2254 is unavailable.

> The Court further finds that petitioner has not made a substantial showing of the denial of a constitutional right.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Therefore, the Court will not issue a certificate of appealability.

> A separate judgment in accordance with this Memorandum will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2012.