UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARREN VAUGHN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-1985 (CEJ) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e).  Respondent has not filed a response to the motion, and the time allowed for doing so has expired.

**I.    Procedural History**

Petitioner, Darren Vaughn, was convicted of two counts of first-degree robbery and two counts of armed criminal action on March 22, 2006.  He failed to appear during his trial, and was apprehended four months later.  Petitioner was sentenced on August 11, 2006 to concurrent terms of nine years of imprisonment on each count of armed criminal action, and fifteen years and twenty years on the robbery counts.  The Missouri Court of Appeals dismissed petitioner's appeal based on the Missouri "escape rule."  Petitioner's motion for post-conviction relief was denied by the trial court for the same reason, and the dismissal was affirmed on appeal.

On December 2, 2009, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254, asserting four grounds for relief.  The Court denied the petition on November 14, 2012, concluding that petitioner's claims were procedurally defaulted.  Subsequently, petitioner filed the instant motion to alter or amend judgment.

## II. Discussion

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. New Hampshire Dep't of Empl. Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

Petitioner argues that the Court erred in refusing to review his claims on the merits. He contends that the Missouri Court of Appeals reached the merits of his claims, lifting any existing procedural bar. Petitioner relies on that court's statement that, "[w]e have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit." Resp. Ex. J. However, it is evident from the Missouri Court of Appeals' supplemental memorandum that petitioner's claims were not evaluated on the merits, but were denied as defaulted due to the application of the Missouri escape rule and petitioner's failure to raise certain claims on direct appeal. Therefore, petitioner is not entitled to relief.

## III. Conclusion

Petitioner has not shown any manifest errors in the Court's previous denial of the petition for a writ of habeas corpus. Because petitioner has not made a substantial showing of the denial of a constitutional right, the Court again declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) [Doc. # 23] is **denied**.

                                                          _____
                                                          CAROL E. JACKSON
                                                          UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2013.