UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARREN K. VAUGHN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-1985 (CEJ) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Darren K. Vaughn to reopen his habeas corpus action pursuant to Fed.R.Civ.P. 60(b)(6) and for "judicial notice of adjudicative facts." Respondent has not filed responses in opposition, and the time allotted to do so has expired.

I.   Background

Movant, Darren Vaughn, was convicted of two counts of first-degree robbery and two counts of armed criminal action on March 22, 2006. He failed to appear during his trial, and was apprehended four months later. Movant was sentenced on August 11, 2006 to concurrent terms of nine years of imprisonment on each count of armed criminal action, and fifteen years and twenty years on the robbery counts. The Missouri Court of Appeals dismissed movant's appeal based on the Missouri "escape rule," which is "a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice." State v. Vaughn, 223 S.W.3d 189, 191 (Mo. Ct. App. 2007). Movant's motion for post-conviction relief was denied by the trial court for the same reason, and the dismissal was affirmed on appeal. See Vaughn v. State, 273 S.W.3d 578 (Mo. Ct. App. 2009).

On December 2, 2009, movant filed a habeas corpus petition under 28 U.S.C. § 2254, asserting four grounds for relief. The Court denied the petition on November 14, 2012, concluding that movant's claims were procedurally defaulted. See Vaughn v. Dormire, No. 4:09-CV-1985 (CEJ), 2012 WL 5511769, at *2 (E.D. Mo. Nov. 14, 2012). Subsequently, movant filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and a motion for a certificate of appealability, both of which were denied. On October 9, 2013, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed his appeal. [Doc. #37].

II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, imposes three requirements on a second or successive habeas petition:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005). While Rule 60(b) allows a habeas petitioner to seek relief from final judgment and request reopening of his case, the rule only applies to the extent that it is consistent with the AEDPA. Id. at 529. Therefore, if the Court determines movant's Rule 60(b) motion to be a second or successive habeas petition, the Court must dismiss it for failure to obtain authorization from the Eighth Circuit Court of Appeals, or alternatively transfer the motion to the Eighth Circuit. United States v. Boyd, 304 F.3d 813, 814 (8th Cir. 2002).

A Rule 60(b) motion is considered a second or successive habeas corpus petition if it contains a "claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." Gonzalez, 545 U.S. at 532. "[A] motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Ward, 577 F.3d at 933 (citations and quotations omitted). In the instant case, movant argues that the Court should have considered the merits of his claims, rather than finding them to be procedurally defaulted. Accordingly, his motion does not contain a "claim," and the Court has jurisdiction to consider it.

Movant argues that he is entitled to relief from final judgment under Fed.R.Civ.P. 60(b)(6), which provides that a court may relieve a party from a final judgment due to "any … reason [other than those listed in Rule 60(b)(1)-(5)] that justifies relief." Movant contends he is entitled to relief based on Martinez v. Ryan, 132 S.Ct. 1309 (2012) and Trevino v. Thaler, 133 S.Ct. 1911 (2013), in which the Supreme Court held that, under certain circumstances, ineffective assistance of post-conviction counsel can be "cause" excusing procedural default. However, as this Court recently explained, the Martinez decision does not constitute extraordinary circumstances warranting Rule 60(b) relief. See DeJournett v. Luebbers, No. 4:01-CV-1341 (CEJ), 2014 WL 81837, at *4 (E.D. Mo. Jan. 9, 2014). More importantly, the reason for movant's procedural default is unrelated to post-conviction counsel's performance. Instead, it is the Missouri "escape rule" that bars federal habeas review of the merits of his claims.

In conclusion, movant has not sufficiently demonstrated circumstances justifying the reopening of his previous habeas case. Additionally, the Court finds that movant has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253. Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to reopen his previous habeas petition [Doc. #41] is **denied**.

**IT IS FURTHER ORDERED** that movant's motion for judicial notice of adjudicative facts [Doc. #40] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.